UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SCHMID ALMONOR, NOAH ALMONOR,
ANDREW ALMONOR,

                Plaintiffs,

- against -

COUNTY OF QUEENS, SGT. GARRITY, DET.
RAMON MUNOZ, DET. JOSEPH DEFRANCES,
MICHAEL HIDDESSEN, THE CITY OF NEW
YORK, NEW YORK CITY POLICE
DEPARTMENT,

                Defendants.
-----------------------------------------------------------X

**ORDER**
**08 CV 1379 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiffs, a father and his two grown sons, filed this *pro se* action on March 25, 2008. Plaintiffs allege that defendants unlawfully arrested and imprisoned them on April 22, 2007, during an incident at their residence related to the arrest and indictment of Webster Almonor, a third brother/son who is not a plaintiff in this case. (Document 1.) Plaintiffs filed an amended complaint on May 16, 2008, (document 4), and the Court held the initial conference on October 21, 2008. During a status conference held on June 2, 2009, the Court explained the discovery process to plaintiffs and set November 3, 2009 as the deadline for the parties to complete all discovery in this matter. On June 5, 2009, the Court issued another Order which memorialized the parties' discovery obligations and scheduled deadlines. (Document 24.)

      Defendants served their first set of interrogatories and document requests on plaintiffs on July 7, 2009. See document 25-1. On August 17, 2009, after receiving no

response from plaintiffs, defendants warned plaintiffs that if they did not respond to the discovery requests by August 28, 2009, defendants would seek intervention from the Court. (Id.) On August 26, 2009, plaintiff Andrew Almonor contacted defendants' counsel to request an extension until September 4, 2009. Defendants granted the extension, but plaintiffs again failed to respond to the discovery requests. (Document 25.)

On September 16, 2009, defendants filed a request with the Court to compel plaintiffs' responses. (Id.) By Order dated October 16, 2009, the Court granted the request and directed plaintiffs to respond to defendants' discovery requests by October 23, 2009.[1] (Document 26.) The Order warned plaintiffs that if they failed to respond to the outstanding discovery by October 23, 2009, I would recommend that their case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Id.) By letter dated October 31, 2009, defendants write to the Court that plaintiffs have not responded to defendants' interrogatories or document requests, and move to dismiss the case for lack of prosecution and for failure to comply with the Courts' Orders. See document 27.[2] Defendants' motion is denied without prejudice.

In an undated letter, filed on November 6, 2009, plaintiffs state that defendants' motion is a "falsified statement in its entirety," and an "attempt to use 'the tricks of the trade' against plaintiffs." See document 28. Plaintiffs' letter claims that they only received

---

[1] A copy of the Order was mailed to plaintiffs by first class mail by the Court on October 19, 2009, and by overnight mail by the defendants on October 20, 2009. See document 27.

[2] Defendants also claim that plaintiffs omitted necessary information from their signed releases, however, the Court need not address this issue at this time.

2

notice of defendants' request for discovery in the beginning of September. The letter also appears to argue that plaintiffs did not respond to the discovery requests at that time because they previously provided medical releases to defendants. Plaintiffs also claim that they were never informed by defendants of the purported deficiencies in these releases. Plaintiffs further argue that they served discovery requests on defendants on October 4, 2009, but that defendants have not responded. Plaintiffs' letter claims that they have "followed through with all requests by the defendants," and that the delay has "nothing to do with plaintiffs' unwillingness to proceed."

The Court does not accept plaintiffs' argument for why they have failed to respond to defendants' outstanding discovery demands. The Court has explained the discovery process and plaintiffs' obligations during Court conferences and in written Orders. Plaintiffs have failed to timely respond to defendants' discovery requests and have disobeyed the explicit Orders of this Court. Plaintiffs' assertion that they were without notice of the defendants' discovery request until the beginning of September is simply untrue. Plaintiffs were served with the discovery requests on July 7, 2009. When they failed to respond, defendants wrote to plaintiffs on August 17, 2009. Far from being unaware of these obligations, plaintiff Andrew Almonor contacted defendants' counsel in late August to request an extension of time to respond to the requests until September 4, 2009. The Court does not credit that plaintiffs misunderstood their obligations. Letters from defendants' counsel and Orders of this Court made clear that plaintiffs' were obliged to answer interrogatories and respond to document requests. Furthermore, on October 16,

2009, the Court warned plaintiffs that if they failed to respond to defendants' discovery requests by October 23, 2009, their case would be dismissed. Instead of responding to defendants' discovery requests, plaintiffs chose to put their efforts into drafting the instant letter.

Plaintiffs' attempt to shift the focus of this dispute to the defendants' alleged failure to respond to their discovery requests is unavailing. Even if defendants were served with these requests on October 4, 2009, and the demands were delivered to defendants' counsel on that day, defendants' responses would not have been due until November 3, 2009. Moreover, plaintiffs do not demonstrate any good faith effort to address this issue with defendants' counsel before bringing the matter to the Court, which is required by Local Civil Rules and this Court's June 5, 2009 Order. Plaintiffs have failed to abide by their discovery obligations and have willfully failed to comply with this Court' Orders. The Court will not permit plaintiffs to point to defendants as the reason for their own failure to comply.

This is plaintiffs' case to vindicate their rights. Plaintiffs are on notice that the Court will not tolerate their failure to comply with the Court's Orders. As for plaintiffs' request that "this case go forward," the key to going forward is for plaintiffs to comply with their discovery obligations. If they do not want this Court to dismiss their case, plaintiffs shall respond to defendants' interrogatories and document requests by November 30, 2009. The Court is giving plaintiffs this last opportunity to comply with their discovery obligations as a less severe sanction than dismissal. If plaintiffs fail to respond by this

date, defendants shall write to the Court and it will be recommended that this case should be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) ("...the court where the action is pending may issue further just orders. They may include the following: ...(v) dismissing the action or proceeding in whole or in part . . . ."); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (affirming dismissal of *pro se* plaintiff's case where plaintiff failed to comply with the Court's discovery orders).

Assuming plaintiffs comply with this Order and respond to the outstanding discovery by November 30, 2009, then the deadline for the completion of all discovery is extended to January 29, 2010.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 6, 2009
Brooklyn, New York