UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SCHMID ALMONOR, NOAH ALMONOR, ANDREW :
ALMONOR                                                            :   MEMORANDUM AND ORDER
                                                                   :
                                    Plaintiffs,                    :   08-CV-1379 (ENV) (LB)
                                                                   :
         -against-                                                 :
                                                                   :
THE CITY OF NEW YORK; THE COUNTY OF                                :
QUEENS; THE NEW YORK CITY POLICE                                   :
DEPARTMENT; SGT. GARRITY; DET. RAMON                               :
MUNOZ; DET. JOSEPH DEFRANCES; DET.                                 :
MICHAEL HIDDESSEN,                                                 :
                                                                   :
                                    Defendants.                    :
------------------------------------------------------------------ x
VITALIANO, D.J.

On February 9, 2010, Magistrate Judge Lois Bloom filed her Report and Recommendation ("R&R") that the Court dismiss *pro se* plaintiffs' action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) for their repeated failure to comply with their discovery obligations, including two court orders compelling responses. (Docket #33.) Familiarity with the prior proceedings – including Judge Bloom's recitation of the facts and procedural history in the R&R – is presumed.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party submits timely objections to a report and recommendation, the district court reviews *de novo* those portions of the report and recommendation to which timely objections have been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. People of the State of N.Y., 160

1

F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). "The clearly-erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments." DD v. Lincoln Hall, 09-CV-860, 2010 U.S. Dist. LEXIS 15511, at *4 (S.D.N.Y. Feb. 19, 2010) (internal quotation marks omitted); see also Evans v. Ericole, 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *4-*5 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); Pinkney v. Progressive Home Health Servs., 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-*3 at (S.D.N.Y. July 21, 2008) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument.").

In this case, on February 11, 2010, plaintiffs wrote a "note to Honorable Lois Bloom" that stated, in its entirety, the following[1]:

> Plaintiffs have followed the time constraints set for discovery and sent the Defendants what they asked for us to complete. Defendants mailed copies of interrogatories on or about the last week of December, 2009. Interrogatories have been only prepared for one plaintiff on this given action. Three packets were sent to Plaintiffs['] listed address for this given action, although, all three packets were prepared for Mr. Andrew Almonor. As of January 25, 2010, Plaintiffs have not received any other packets for interrogatories. While Plaintiffs['] request[s] for discovery have been completely denied and ignored. Plaintiffs have not received one piece of discovery that was asked to be furnished. Discovery is needed to show whether or not probable cause was shown in the arrest of Plaintiffs or if Defendants were acting on their own liberties, if there is no probable cause shown in the discoveries that Plaintiffs ha[ve] continuity [sic] requested than [sic] Plaintiffs would use discovery to render a Summary of Settlement. Defendants have not followed discovery time table. Attached hereto is documents send [sic] by Defendants and Discovery requested by Plaintiffs. (Docket #35.)

Plaintiffs attached as exhibits their own "Request for Production of All Documents to Plaintiff" (date unknown), and defendants' December 22, 2009 correspondence relating to the motion to

---

[1] The note was filed on the docket on February 18, 2010.

2

dismiss the action.

It is unclear whether plaintiffs intend for this note to Magistrate Judge Bloom to constitute their objections to the R&R. If so, such objections are both unsupported and impermissibly general. Without submitting any proof, plaintiffs appear to argue that they have in fact complied with discovery and imply that defendants' interrogatories were deficient. In a February 11, 2010 letter to Judge Bloom, defendants acknowledge that they received additional discovery from plaintiffs, but point out that the "purported discovery responses . . . are still incomplete" and "fail[ ] to cure the defects noted" in the court orders. (Docket #34.) For example, defendants point out that: (1) interrogatory and document request responses were unsigned, (2) Noah and Schmid Almonor failed to provide any responses to "interrogatories 6, 7, and 10 and document requests 11 through 17"; and (3) in responding to those same interrogatories and document requests, Andrew Almonor annexed releases that cannot be fully executed because they "bear some of the exact deficiencies which defendants brought to the parties' and the Court's attention in prior applications." (Id.) The remainder of plaintiffs' "objections" and supporting exhibits merely fault defendants for failing to comply with plaintiffs' discovery requests – a point that is neither proven nor relevant to the current motion dealing with plaintiffs' obligations.

After thorough review of the record, the Court finds Judge Bloom's R&R to be well-reasoned, and agrees that dismissal of plaintiffs Schmid and Noah Almonor is appropriate. Despite receiving detailed instructions from defendants and two clear warnings from Judge Bloom that if they failed to respond to outstanding requests, she would recommend that their case be dismissed pursuant to Rule 37(b)(2)(A)(v), both Schmid and Noah Almonor have proven themselves unable, or unwilling, to comply with their discovery obligations. See Perez v.

Siragusa, 05-CV-4873, 2008 U.S. Dist. LEXIS 51593, at *12-*13 (E.D.N.Y. July 3, 2008). Plaintiffs' *pro se* status notwithstanding, their intransigence constitutes proper grounds for dismissal. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) ("*Pro se* litigants, though generally entitled to 'special solicitude' before district courts . . ., are not immune to dismissal as a sanction for noncompliance with discovery orders . . . 'so long as a warning has been given that non-compliance may result in dismissal.'") (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)).

The same may be true of Andrew Almonor as well, but he appears to have made a greater effort to comply with discovery requests than Schmid and Noah. In light of his most recent (post-R&R) purported attempt at compliance, the Court remands to Judge Bloom to reconsider the R&R with respect to Andrew Almonor only.

The Court therefore, adopts Judge Bloom's R&R in part and modifies it in part. Plaintiffs Schmid and Noah Almonor are dismissed from the action due to their repeated failure to comply with discovery demands. The issue of Andrew Almonor's dismissal pursuant to Rule 37(b)(2)(A)(v) is referred to Judge Bloom for a supplemental Report and Recommendation that takes into account his most recent submissions to defendants.

SO ORDERED.

DATED: Brooklyn, New York
March 15, 2010

/S/

ERIC N. VITALIANO
United States District Judge